James G. BLESSING, individually and in his capacity as a Shareholder of and on Behalf of Financial Building Consultants, Inc., Plaintiff,

v.

W.K. NORMAN, Defendant.

Civ. A. No. C84–1240A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 10, 1986.

Barry L. Zipperman, Atlanta, Ga., for plaintiff.

James M. Poe, Drew, Eckl & Farnham, Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This action is before the court on plaintiffs' motion to file emergency motion and motion for stay or injunction, as well as defendant's renewed motion for change of venue. In view of the fact that good cause has been shown for emergency treatment of plaintiffs' motion for stay or injunction, plaintiffs' motion to file emergency motion is GRANTED. *See* Local Rule 220–3. The relationship between the parties which serves as a basis for this action has been discussed at length in this court's orders of December 4, 1984 and September 24, 1985. The procedural posture of this action and a related action pending in the United States District Court for the Western District of Louisiana will be reviewed prior to a consideration of the legal merits of plaintiffs' motion for stay or injunction.

## I. PROCEDURAL POSTURE OF CASE.

This action was filed on June 21, 1984 by plaintiffs James G. Blessing, a resident of Georgia, and Financial Building Consultants, Inc. (FBC), a Georgia corporation, against W.K. Norman, a resident of Louisiana. Plaintiff Blessing has alleged that defendant's conduct with regard to the direction and finances of FBC, a corporation in which each party owns fifty percent of the outstanding common stock, constitutes a breach of a shareholders' agreement between plaintiff Blessing and defendant. Blessing also alleges that defendant has defrauded him by failing to disclose his intention to take over FBC. Finally, plaintiff Blessing as a shareholder of FBC brings a shareholder's derivative action for the alleged breach of fiduciary duties owed by defendant to FBC.

Defendant has yet to plead responsively to plaintiffs' complaint, but has chosen to interpose various pre-answer motions which toll defendant's time for answering plaintiffs' complaint. *See* Fed.R.Civ.P. 12(a). In particular, defendant filed a motion to dismiss for lack of *in personam* jurisdiction on July 27, 1984. This court determined by order of December 4, 1984, that factual disputes dictated an evidentiary hearing on defendant's motion to dismiss for lack of *in personam* jurisdiction. Although an evidentiary hearing was set down for January 31, 1985, plaintiffs gained a continuance because of illness which rendered plaintiff Blessing unable to testify. At a status conference held on March 28, 1985, the court stayed consideration of defendant's motion to dismiss because of plaintiff Blessing's illness and entertained defendant's motion for change of venue.

After denying defendant's motion for change of venue by order of September 24, 1985, this court set down defendant's motion to dismiss for an evidentiary hearing on February 26, 1986. *See* Order of December 17, 1985. Plaintiff Blessing again gained continuance contending that illness prevented him from testifying at such a hearing. At a status conference held on January 22, 1986, it was determined that plaintiff Blessing's deposition would be taken for use in lieu of live testimony and conditions were agreed upon for the medically safe taking of plaintiff's deposition. In particular, it was determined that a board-certified physician should examine plaintiff Blessing and render an opinion as to the conditions under which his deposition should be taken. The physical examination has yet to occur.

This court heard arguments by both parties on August 11, 1986 and August 13, 1986, regarding the pending motions. In particular, the court was informed that an action has been pending in the United States District Court for the Western District of Louisiana involving the parties to this action. *See Exchange Bank and Trust Company v. Financial Building Consultants, Inc.,* Civil Action No. 84–2525–A (W.D.La.). Although that action

was originally commenced against FBC and plaintiff Blessing for recovery on a note, plaintiff Blessing has interpled defendant Norman for contribution. Defendant Norman as third-party defendant in the Louisiana case filed a counterclaim on January 31, 1986, contending that plaintiff Blessing committed fraud by failing to disclose the liabilities of FBC before the parties entered into the shareholders agreement. Moreover, the counterclaim alleges that plaintiff Blessing breached the shareholders' agreement and certain fiduciary duties to FBC. All that remains of the Louisiana action at the present time is this counterclaim. The record discloses that the Louisiana case was set for trial on August 14, 1986, but will be continued if this case is transferred. *See id.*, Minute Entry of August 13, 1986.

In view of the pendency of defendant Norman's later filed claim, plaintiffs seek to stay or enjoin defendant Norman from prosecuting his claim in Louisiana. Recognizing that transfer rather than injunctive relief might be the most equitable and efficient way of placing both plaintiffs' complaint in this action and defendant's counterclaim in the Louisiana action before one court, defendant renewed its motion for change of venue orally at this court's conference of August 11, 1986.

## II. CONCLUSIONS OF LAW.

■ Rule 13(a) of the *Federal Rules of Civil Procedure* demands that a defendant plead as a counterclaim any claim which he may have against the plaintiff that "arises out of the transaction or occurrence that is the subject matter" of plaintiff's complaint. This rule is intended "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Construction Company vs. Pickard*, 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962). In fact, Rule 13(a) has been interpreted as prohibiting defendants from subsequently filing claims in other forums which should rightly be asserted as a counterclaim. *See Columbia Plaza Corp. vs. Security National Bank*, 525 F.2d 620, 624–26 (D.C.

Cir.1975). Thus, a court with subject matter and *in personam* jurisdiction may enjoin a defendant from prosecuting a compulsory counterclaim as a separate action. *Id; see also Warshawsky and Company vs. Arcata National Corp.*, 552 F.2d 1257 (7th Cir.1977); *Dresser Industries, Inc. vs. Ford Motor Company*, 530 F.Supp. 303 (N.D.Tex.1981). This so-called "first filed" rule dictates enjoining later-filed actions in the absence of countervailing equitable considerations such as convenience for the parties and witnesses, interest of the courts in providing efficient administration of justice and potential prejudice to the parties. *Seattle Totems Hockey Club, Inc. vs. National Hockey League*, 652 F.2d 852, 856 (9th Cir.1981).

Thus, the uppermost duty of a court faced with a motion such as that interposed by plaintiffs in this action is to determine which of the two courts should handle the two claims which are pending in different forums. *Columbia Plaza Corp.*, 525 F.2d at 627. As suggested by defendant, transfer of the first-filed action may accomplish the same results as an injunction of prosecution of the later-filed action. In both cases, a wasteful expenditure of judicial resources and a risk of inconsistent adjudications are avoided.

■ With the foregoing rules of law in mind, the court concludes that the counterclaim asserted by defendant Norman in the Louisiana action is actually a compulsory counterclaim to plaintiffs' complaint in this action. In view of the fact that both claims arise out of the shareholders' agreement and the parties' relationship as co-equal shareholders of FBC, it can be said that defendant Norman's claim "arises out of the transaction or occurrence as the subject matter of" plaintiffs' complaint. Fed.R. Civ.P. 13(a).

Although defendant Norman's counterclaim should properly be asserted in this first-filed action as a compulsory counterclaim, the peculiar procedural posture of this action prevents this court from enjoining defendant Norman's prosecution of his claim in Louisiana. Defendant Norman's

failure to plead his claim as a counterclaim to this action is not due to a willful flouting of Rule 13(a), but rather to the pendency of a well-supported motion to dismiss for lack of *in personam* jurisdiction. The pendency of this motion to dismiss excuses defendant Norman from having asserted the counterclaim in this action. More importantly, the pendency of this motion to dismiss prevents this court from enjoining defendant Norman's continued prosecution of his claim in Louisiana. This court cannot act to restrain defendant Norman personally if it is without personal jurisdiction over defendant Norman. *See Dresser Industries, Inc.*, 530 F.Supp. at 312. The existence of personal jurisdiction as a prerequisite to the granting of the injunctive relief sought by plaintiffs in this action is made clear in those cases cited to the court by plaintiffs. For example, in *Warshawsky Company vs. Arcata National Corp.*, 552 F.2d at 1259, the district court had already determined that personal jurisdiction existed over the defendants responsible for filing the second lawsuit. Personal jurisdiction was also not an issue in the case of *Columbia Plaza Corp. vs. Security National Bank*, 525 F.2d at 626–29. The defendant ultimately enjoined from prosecuting a later-filed action in New York was actually seeking to foreclose on property in which it had a security interest in the District of Columbia. *Id.* at 623. The court never questioned the *in personam* jurisdiction of the courts of the District of Columbia over the defendant. Because the present action presents a serious question as to this court's *in personam* jurisdiction over defendant Norman, plaintiffs' motion for stay or injunction is DENIED.

Although the court is unable to grant plaintiffs' motion for injunctive relief, the question remains whether transfer of this action to Louisiana would nevertheless accomplish the goals of Rule 13(a). The court has already addressed the propriety of transfer under 28 USC § 1404(a) in its order of September 24, 1985. However, equitable factors are present at this time which dictate reconsideration of the conclusions reached in that order. The spectre of a lack of *in personam* jurisdiction over defendant Norman continues to hang over this case. Because of litigation over this question which could well continue for the remainder of this year, it has become apparent that a trial date for this action is a distant possibility. The docket of this court would prevent trial any earlier than the year 1988. In contrast to this set of circumstances, the Louisiana court is ready to try defendant Norman's claim immediately. A change of venue enabling consolidation of the two actions would result in a more speedy trial on the merits. No question of personal jurisdiction prevents such a development. The efficacy of this solution is underscored by the Louisiana court's willingness to continue the trial date of defendant Norman's claim so that plaintiff Blessing can prepare his case in chief.

The option facing this court, two actions proceeding apace, presents the real possibility of inconsistent results and needless duplication of energy and effort. In a sense, transfer is the only means at this juncture of fulfilling the goal of resolution in a single lawsuit of the related disputes of the parties. Under the circumstances, a change of venue would operate to serve best the interests of justice. 28 USC § 1404(a). After a transfer of this action, consolidation will enable a unified trial of the claims of the parties. Fed.R.Civ.P. 42(a). Therefore, defendant's renewed motion for change of venue is GRANTED.

## III. CONCLUSION.

In sum, plaintiffs' motion to file emergency motion is GRANTED. Plaintiffs' motion for stay or injunction is DENIED. Defendant's renewed motion for change of venue is GRANTED. This action is ORDERED TRANSFERRED to the United States District Court for the Western District of Louisiana for consolidation with Civil Action No. 84–2525–A.

## APPENDIX

13 AUGUST 1986
TO: ALL COUNSEL OF RECORD

FROM: JUDGE F.A. LITTLE, JR.

RE: EXCHANGE BANK & TRUST CO. V. FINANCIAL BUILDING CONSULTANTS, INC. and JAMES G. BLESSING and W.K. NORMAN, et al.

C.A. NO. 84–2525–A

## MINUTE ENTRY

The trial scheduled in this matter for 14 August 1986 is continued without date. The continuance has been granted as a result of conversations with attorneys for the parties in the Louisiana litigation and the attorneys for the parties in the litigation filed in the Northern District of Georgia, Atlanta Division, Civil Action No. 84–1240–A styled *Blessing, et al. v. W.K. Norman.* This decision was also made after lengthy discussions with the Honorable J. Owen Forrester to whom the Atlanta Division case was assigned. This decision has been made in the interest of justice and convenience to the parties, litigants and the Court. The matter will be set for a pretrial conference after transfer of the Atlanta litigation with an eye toward setting a trial date in the spring of 1986.

FAL, Jr.